FILED
SUPERIOR COURT
OF GUAM

2020 DEC 30 PM 5:00

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| 888 GUAM, LLC,<br>dba Clean Shot Guam<br><br>Plaintiff,<br><br>vs.<br><br>JASON PAUL CASTRO CAMPOS and GINA ANN P. CAMPOS,<br><br>Defendants. | CIVIL CASE NO. CV0680-19<br><br><br>DECISION AND ORDER |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on December 3, 2020, upon the Plaintiff's Motion for Entry of Default and Judgment filed September 30, 2020 ("Motion for Default"). Plaintiff 888 Guam, LLC, dba Clean Shot Guam ("Plaintiff") is represented by Attorney Minakshi V. Hemlani. Defendants Jason Paul Castro Campos and Gina Ann P. Campos ("Defendants") are represented by Attorney Mark E. Williams[1]. Having reviewed the pleadings and considered the arguments and relevant legal authorities in this matter, the Court issues the following Decision and Order.

## BACKGROUND

On May 31, 2019, the Plaintiff filed a Verified Complaint against the Defendants in the Superior Court of Guam for Specific Performance and alternatively, for Breach of Contract.

---

[1] On June 22, 2020, Attorney Mark E. Williams filed an Entry of Appearance and Request for Notice on behalf of the Defendants.

The Defendants were personally served with the Summons and Verified Complaint on July 14, 2019.

On July 8, 2019, the Defendants, appearing *pro se*, filed a Notice of Bankruptcy Filing advising this Court that, on July 3, 2019, they had filed a voluntary petition for bankruptcy in the U.S. Bankruptcy Court, District Court of Guam ("District Court of Guam"). Thus, pursuant to 11 U.S.C. § 362, the proceedings before this Court were stayed. Approximately, a year later, on July 6, 2020, the Plaintiff provided this Court with a Notice of Bankruptcy Case Dismissal, informing this Court that the District Court of Guam dismissed the Defendants' bankruptcy and adversarial proceedings that same day. The Plaintiff served a copy of such Notice via certified mail to the Defendants' last known address, the address listed in their bankruptcy filings, on July 7, 2020.

On August 10, 2020, the Plaintiff filed a Request for Status Hearing. The Plaintiff served a stamp-filed copy of such Request via certified mail, again, to the Defendants' last known address, that same day. Subsequently, on September 24, 2020, the Court issued a Notice of Status Hearing scheduled for September 29, 2020. Neither the Defendants nor their counsel of record appeared at the Status Hearing.[2] Upon conclusion of the hearing, Plaintiff's counsel informed the Court of its intent to file a motion for entry of default and judgment.

On September 30, 2020, the Plaintiff filed the instant Motion for Default. Plaintiff received stamp-filed copies from the Superior Court of Guam on October 2, 2020, and served Defendants' counsel with the Motion via electronic mail that same day.

Subsequently, on October 7, 2020, an Entry of Default was filed by the Clerk of Court in the Superior Court of Guam, entering default against the Defendants. Approximately fifteen (15) days later, on October 22, 2020, the Defendants filed their Answer and Counterclaim to the Plaintiff's Complaint. The Defendants personally served their Answer and Counterclaim on

---

[2] Counsel for Plaintiff asserts that it was not until September 24, 2020, in communications with the Court that she became aware that the Defendants were represented by Attorney Mark E. Williams, who filed his Entry of Appearance on June 2020, prior to the dismissal of the Defendants' bankruptcy case in the District Court of Guam. According to the Plaintiff, neither the Plaintiff nor Plaintiff's counsel was served with the Entry of Appearance and Request for Notice filed by Attorney Mark E. Williams.

the Plaintiff on November 3, 2020. The Plaintiff however, was not served via electronic mail and/or regular mail.

On October 30, 2020, the Defendants filed their Response in Opposition to Plaintiff's Motion, arguing that the instant motion should be denied due to the automatic bankruptcy stay and the Guam Supreme Court's Administrative Orders in response to the COVID-19 (coronavirus) pandemic. Specifically, the Defendants maintain that the aforementioned tolled the time the Defendants were required to answer the Complaint. Further, the Defendants contend that granting the Plaintiff's Motion for Default would be a drastic step, and would deny the Defendants' right to have their case heard on the merits. The Plaintiff filed a Reply on November 11, 2020. In reply, the Plaintiff argues that it was the Defendants' culpable conduct that led to the Entry of Default by the Clerk of Court on October 7, 2020.

On December 3, 2020, a hearing was held on the instant motion. Counsel for both parties appeared via Zoom. Subsequently, the Court took the matter under advisement on August 13, 2020.

## DISCUSSION

Pursuant to Guam Rules of Civil Procedure, "a defendant shall serve an answer within [twenty] 20 days after the service of the summons and complaint on that defendant . . . ." Guam R. Civ. P. 12. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and the fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Guam R. Civ. P. 55(a). Thus, when a defendant fails to file an answer or otherwise respond to a properly served complaint, Judgment by default may be entered by either the clerk or the Court. Guam R. Civ. P. 55(b)(1)-(2).

However, Guam Rules of Civil Procedure also provides, that "[f]or good cause shown, the court may set aside an entry of default . . . ." Guam R. Civ. P. 55(c). The same grounds are used to determine whether good cause exists to set aside an entry of default or default judgment. *See Adams v. Duenas*, 1998 Guam 15 ¶ 5 (addressing Rule 55(c) motions extensively). On the other hand, the standard is less rigorous when examining a motion to set

aside entry of default than for default judgments . . . ." *Id.* Nonetheless, "default judgments are generally disfavored and deciding a case on its merits is encouraged where possible. *Id.*

In *Midsea* the Guam Supreme Court adopted the Ninth Circuit Court of Appeals test for default judgments and subsidiary entries of default. *Midsea Industrial, Inc. v. HK Engineering, Ltd,* 1998 Guam 14 ¶ 4 (citing *Falk v. Allen,* 739 F.2d 461 (9th Cir. 1984)); *see also Adams,* 1998 15 at ¶ 5. Courts will deny a motion to set aside default judgment, or alternatively, grant an entry of default judgment, if "(1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." *Id.* at ¶ 5; *see also Mariano v. Surla,* 2010 Guam 2 ¶ 35. "A finding of but one of the three elements is sufficient to deny vacation of a default judgment." *Id.* (citing *Cassidy v. Tenorio,* 856 F.2d 1412, 1415-16 (9th Cir. 1998)); *see also Duenas v. Brady,* 2008 Guam 27 ¶ 28 (the elements are applied "disjunctively rather than as a balancing test"). For example, in a more recent Opinion, the Guam Supreme Court declined to examine the remaining *Midsea* factors upon finding that a party's culpable conduct caused the default. *See Mariano,* 2010 Guam 2 ¶ 5 ("Once a court determines that a party's culpable conduct led to the default, the ruling may be upheld without inquiring into any meritorious defenses or possible prejudices to the plaintiff.").

In this case, the Defendants assert that their failure to timely answer or otherwise respond to the Complaint was due to the tolling of filing deadlines by the Guam Supreme Court's Administrative Orders. Administrative Order No. AD20-361, *Third Updated Order Relative to Court Operations Under Exigent Circumstances Related to COVID-19 (Coronavirus),* issued July 2, 2020, at ¶ 15, states: "With the exception of the filing of indictments, all filing deadlines – including statutory filing deadlines – shall be tolled from March 27, 2020, until June 29, 2020, unless otherwise specifically ordered by the applicable court. Any court filing due during this period shall be deemed timely filed on June 29, 2020." Administrative Order No. AD20-392, Fourth *Updated Order Relative to Court Operations Under Exigent Circumstances Related to COVID-19 (Coronavirus),* issued August 14, 2020,

similarly tolled filing deadlines from August 16, 2020 until August 31, 2020.[3] Thus, it can be deduced that the Guam Supreme Court Administrative Orders **did not toll** filing deadlines **between June 29, 2020, and August 16, 2020.**

Here, the Defendants' deadline to answer or otherwise respond was July 5, 2019, or within twenty (20) days after service of the Summons and Complaint. *See* Guam R. Civ. P. 12. However, because the Defendants filed their Notice of Bankruptcy in the District Court of Guam on July 3, 2019, two (2) days prior to the Rule 12 filing deadline, the proceedings before this Court were stayed pursuant to 11 U.S.C. § 362. Approximately a year later, the Plaintiff provided the Court with Notice of Bankruptcy Dismissal on July 6, 2020, advising this Court that the Defendants' bankruptcy petition was dismissed that day. Consequently, upon dismissal of the Defendants' bankruptcy petition in the District Court of Guam, the automatic stay in this Court was lifted, and the clock on the Defendants' time for answer or response to the Complaint resumed.

The Court agrees with the Plaintiff that whether the Defendants were allotted the remaining two (2) days of the twenty (20) days permitted for an answer or response, or whether they were allotted another twenty (20) days counting from when the bankruptcy stay was lifted on July 6, 2020, the latest date for the Defendants to answer or otherwise respond to the Complaint was July 27, 2020 – a time period during which the Island of Guam was in PCOR 3 and the Guam Supreme Court did not toll any filing deadlines. Accordingly, based on the foregoing, the Court finds that the Defendants' argument that their deadline to timely answer or otherwise respond to the Complaint was tolled due to the Guam Supreme Court Administrative Orders is without merit.

Further, the Court finds that the Defendants' culpable conduct led to the default judgment against them. *See Midsea*, 1998 Guam 14 at ¶ 5. After dismissal of their bankruptcy proceedings in the District Court of Guam and lifting of the automatic stay in this Court, the Defendants had approximately eighty-six (86) days – until the date when the Plaintiff filed the

---

[3] Between June 29, 2020, and August 16, 2020, the Governor of Guam declared the Island of Guam to be in Pandemic Condition of Readiness (PCOR) 3, and did not declare a return to PCOR 1 until August 16, 2020.

instant Motion for Entry of Default and Judgment – to file an answer or otherwise respond to the Complaint. As explained above, the Defendants improperly rely on the Guam Supreme Court Administrative Orders for their failure to timely file a response under Rule 12. *See* Guam R. Civ. P. 12. Additionally, the Defendants set forth no "extraordinary circumstances" to support their good cause claim, nor have they provided any explanation for their failure to answer or otherwise acknowledge any of the Plaintiff's filings in this matter. *See* Guam R. Civ. P. 55(c); *see also Mariano*, 2010 Guam 2 at ¶ 36 (affirming the trial court's finding that the defendant "offered no evidence to show he was faultless in not answering the complaint . . . [and] . . . provided the court no explanation for waiting almost two years to respond."). Further, it is undisputed that Defendants' counsel entered his appearance on June 22, 2020. Thus, the Defendants cannot assert that the matter remained undefended, even during the automatic stay period. Notably, the Defendants do not deny receiving copies of Plaintiff's Notice of Bankruptcy Case Dismissal filed July 6, 2020, or the Plaintiff's Request for Hearing filed August 10, 2020. Neither can the Defendants deny that the Court issued a Notice of Status Hearing scheduled for September 29, 2020, to their counsel via electronic mail. Again, the Defendants provide no explanation why they or their counsel failed to appear at Status Hearing scheduled by this Court. Finally, even after receiving Plaintiff's Motion for Entry of Default and Judgment on October 2, 2020, it took the Defendants an additional twenty (20) days to file their Answer and Counterclaim. Thus, based on the foregoing, the Court finds it is clear that the Defendants' culpable conduct led to the entry of default against them. *See Midsea*, 1998 Guam 14 at ¶ 7 ("[C]ourts should not grant a motion for default judgment to punish a defendant, who through no fault of their own, did not timely answer or otherwise plead to the court.").

Accordingly, the Court **GRANTS** the Plaintiff's Motion for Entry of Default and Judgment, and upholds the Entry of Default by the Clerk of Court entered October 7, 2020, as to the request for specific performance only. That is, the Defendants are hereby **ORDERED** to specifically perform their obligations under the Lease Agreement with Option to Purchase Property ("Lease/Purchase Agreement") and convey marketable title to the real property

described as 311 Monessa Lane, Pago Bay, Chalan Pago to Plaintiff by General Warranty Deed. Further, having granted Default Judgment in favor of the Plaintiff, the Court hereby **ORDERS** the Defendants' Answer and Counterclaim filed October 22, 2020, shall be stricken from the record.

### CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** the Plaintiff's Motion for Entry of Default and Judgment, and upholds the Entry of Default by the Clerk of Court entered October 7, 2020, as to the request for specific performance only. That is, the Defendants are hereby **ORDERED** to specifically perform their obligations under the Lease Agreement with Option to Purchase Property ("Lease/Purchase Agreement") and convey marketable title to the real property described as 311 Monessa Lane, Pago Bay, Chalan Pago to Plaintiff by General Warranty Deed. Further, having granted Default Judgment in favor of the Plaintiff, the Court hereby **ORDERS** the Defendants' Answer and Counterclaim filed October 22, 2020, shall be stricken from the record.

An Evidentiary Hearing to determine monetary damages pled in the Complaint is scheduled for **February 17, 2021 at 10:00am**, via zoom. Meeting ID: 833 7618 0074; Passcode: 953664.

**IT IS SO ORDERED** ___DEC 3 0 2020___ .

```
                                        _____
                                        HONORABLE ARTHUR R. BARCINAS
                                        Judge, Superior Court of Guam
```

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
M. Flourian
M. williams
Date: 12/30/20
Omaming
Deputy Clerk, Superior Court of Guam